<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JON PAUL MOORE, | : | |
| | : | Civil Action No. 09-2397 (FLW) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| EDMOND CICCHI, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> JON PAUL MOORE, Plaintiff <u>pro</u> <u>se</u>
> #77540
> Middlesex County Adult Correction Center
> P.O. Box 266
> New Brunswick, New Jersey 08903

**WOLFSON**, District Judge

Plaintiff, Jon Paul Moore, a state prisoner currently confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>. Based on plaintiff's affidavit of indigency, and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant both plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

I.  <u>BACKGROUND</u>

Plaintiff, Jon Paul Moore ("Moore"), brings this civil action against the following defendants: Edmond Cicchi, Warden at the Middlesex County Adult Correction Center ("MCACC"); Joyce Pirre, Director of Program Services for CFG Health Systems, LLC at MCACC; MCACC; and CFG Health Systems, LLC.  (Complaint, Caption and ¶¶ 4b-4f).  The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

At the outset, the Court notes that plaintiff's handwriting in his Complaint is so minute and crammed that the Complaint is almost impossible to decipher.  However, it appears that Moore essentially complains that he has been denied access to the courts by the inadequacy of the law library and legal assistance at MCACC.  He also complains that the grievance system at MCACC is inadequate.  It would appear that Moore submitted weekly or more frequent grievances with respect to the alleged denial of his requests for legal materials, namely, daily access to legal books and assistance when he was confined in close custody.

Moore seeks compensatory and punitive damages in an unspecified amount, as well as unspecified injunctive relief.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Moore is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

3

in the light most favorable to the plaintiff." <u>Morse v. Lower
Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions"
or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one. <u>Deutsch v. United
States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

However, recently, the Supreme Court refined this
standard for summary dismissal of a Complaint that fails to state
a claim in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  The issue
before the Supreme Court was whether Iqbal's civil rights
complaint adequately alleged defendants' personal involvement in
discriminatory decisions regarding Iqbal's treatment during
detention at the Metropolitan Detention Center which, if true,
violated his constitutional rights.  <u>Id</u>.  The Court examined Rule
8(a)(2) of the Federal Rules of Civil Procedure which provides
that a complaint must contain "a short and plain statement of the
claim showing that the pleader is entitled to relief."
<u>Fed.R.Civ.P.</u> 8(a)(2).[1]  Citing its recent opinion in <u>Bell</u>

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be
simple, concise, and direct.  No technical form is required."
<u>Fed.R.Civ.P.</u> 8(d).

4

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the
proposition that "[a] pleading that offers 'labels and
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting
Twombly, 550 U.S. at 555), the Supreme Court identified two
working principles underlying the failure to state a claim
standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief." Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 2009 WL 2501662, *5.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [Iqbal, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  [Id.]  In other words, a complaint must do more than allege the

_____

[2]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  <u>Iqbal</u>, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this <u>pro</u> <u>se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>.  See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

III.  <u>SECTION 1983 ACTIONS</u>

Moore brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48
(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

Moore names the MCACC as a defendant in this matter.
However, the Complaint must be dismissed against the MCACC
because the MCACC is not a "person" subject to liability under
§ 1983.  <u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726
F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a
person under § 1983).; <u>Mitchell v. Chester County Farms Prison</u>,
426 F. Supp. 271, 274 (D.C. Pa. 1976).  Therefore, the Complaint
will be dismissed in its entirety as against the defendant MCACC.

IV.  <u>ANALYSIS</u>

Moore's allegations suggest that he is asserting a denial of access to the courts claim in violation of his First Amendment rights.

Courts have recognized different constitutional sources for the right of access to the courts.  Principally, the right of access derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[3] The right of access to the courts requires that "adequate, effective, and meaningful" access must be provided inmates who wish to challenge their criminal charge, conviction, or conditions of confinement.  <u>Bounds v. Smith</u>, 430 U.S. 817, 822 (1977).  In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts."  <u>Id</u>. at 825.

_____

[3]  The right of access to the courts is an aspect of the First Amendment right to petition.  <u>McDonald v. Smith</u>, 472 U.S. 479, 482 (1985); <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 741 (1983); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  The Supreme Court also found that "[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights."  <u>Procunier v. Martinez</u>, 416 U.S. 396, 419 (1974), <u>overruled on other grounds</u>, <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).  <u>See</u> <u>also</u>, <u>Hudson v. Palmer</u>, 468 U.S. 517, 523 (1984)("prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"); <u>Bounds v. Smith</u>, 430 U.S. 817 (1977); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576 (1974).  The right of access to the courts might also arise under the Sixth Amendment's right to counsel; however, under the circumstances of the present case, the Sixth Amendment clearly is not implicated.

"'[T]he touchstone ... is meaningful access to the courts.'"
Peterkin v. Jeffes, 855 F.2d 1021, 1037 (3d Cir. 1988)(*quoting*
Bounds, 430 U.S. at 823)(internal quotation omitted).

In Bounds, the Supreme Court held that "the fundamental
constitutional right of access to the courts requires prison
authorities to assist inmates in the preparation and filing of
meaningful legal papers by providing prisoners with adequate law
libraries or adequate assistance from persons trained in the
law." The right of access to the courts is not, however,
unlimited. "The tools [that Bounds] requires to be provided are
those that the inmates need in order to attack their sentences,
directly or collaterally, and in order to challenge the
conditions of their confinement. Impairment of any other
litigating capacity is simply one of the incidental (and
perfectly constitutional) consequences of conviction and
incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996)
(emphasis in original). Similarly, a pretrial detainee has a
right of access to the courts with respect to legal assistance
and participation in one's own defense against pending criminal
charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th
Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31,
2000). But see United States v. Byrd, 208 F.3d 592, 593 (7th
Cir. 2000) (pretrial detainee who rejects an offer of court-
appointed counsel in satisfaction of the Sixth Amendment right to
counsel has no alternative right to access to a law library);

10

Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998)
(same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385,
**4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of
access must show that prison officials caused him past or
imminent "actual injury" by hindering his efforts to pursue such
a claim or defense. See Lewis, 518 U.S. at 348-51, 354-55
(1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).
"He might show, for example, that a complaint he prepared was
dismissed for failure to satisfy some technical requirement
which, because of deficiencies in the prison's legal assistance
facilities, he could not have known.  Or that he had suffered
arguably actionable harm that he wished to bring before the
courts, but was so stymied by inadequacies of the law library
that he was unable to file even a complaint." Lewis, 518 U.S. at
351.

Here, Moore fails to allege any actual injury as a result of
the alleged inadequacy of the law library and legal assistance at
the MCACC.  He does not allege that he was unable to file this or
any other complaint in the courts, and in fact, he has not been
limited in filing the instant action.  Furthermore, Moore does
not articulate how the allegedly inadequate law library or lack
of legal assistance at MCACC has hindered his efforts to either
pursue this claim or defend himself in his pending state criminal
proceedings.  Therefore, his claim alleging denial of access to

the courts based on an alleged failure to provide an adequate law library and legal assistance will be dismissed without prejudice for failure to state a claim at this time.

V.   <u>CONCLUSION</u>

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, as against all defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim at this time. Plaintiff's request for appointment of counsel is denied as moot. An appropriate order follows.


                                    s/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge
Dated: 12/2/09


12