**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JON PAUL MOORE,                :
                               :   Civil Action No. 09-2397 (FLW)
         Plaintiff,            :
                               :
                               :
         v.                    :   **OPINION**
                               :
EDMOND CICCHI, et al.,         :
                               :
         Defendants.           :

**APPEARANCES:**

    JON PAUL MOORE, Plaintiff <u>pro se</u>
    #77540
    Middlesex County Adult Correction Center
    P.O. Box 266
    New Brunswick, New Jersey 08903

**WOLFSON**, District Judge

THIS MATTER comes before the Court on the motion of Plaintiff, Jon Paul Moore, a state prisoner currently confined at the South Woods State Prison in Burlington, New Jersey, for leave to file an amended Complaint. Plaintiff's original Complaint was dismissed without prejudice by Opinion and Order filed on December 3, 2009. (<u>See</u> Docket entry nos. 3 and 4). This matter is being considered on the papers pursuant to <u>Fed.R.Civ.P.</u> 78. For the reasons set forth below, plaintiff's motion to amend his Complaint is denied.

I. BACKGROUND

On or about May 18, 2009, plaintiff, Jon Paul Moore ("Moore"), filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against the following defendants: Edmond Cicchi, Warden at the Middlesex County Adult Correction Center ("MCACC"); Joyce Pirre, Director of Program Services for CFG Health Systems, LLC at MCACC; MCACC; and CFG Health Systems, LLC. (Complaint, Caption and ¶¶ 4b-4f). Moore alleged that he had been denied access to the courts by the inadequacy of the law library and legal assistance at MCACC. He also complained that the grievance system at MCACC was inadequate. It appeared from the Complaint that Moore submitted weekly or more frequent grievances with respect to the alleged denial of his requests for legal materials, namely, daily access to legal books and assistance when he was confined in close custody. (Compl., ¶ 6).

Moore sought compensatory and punitive damages in an unspecified amount, as well as unspecified injunctive relief, in his Complaint. (Compl., ¶ 7).

In an Opinion and Order, filed on December 3, 2009, this Court dismissed Moore's action for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Specifically, the Court found that Moore had failed to allege any actual injury as a result of the alleged inadequacy of the law library and legal assistance at

2

the MCACC. See Lewis v. Casey, 518 U.S. 343, 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). Moore did not allege that he was unable to file this or any other complaint in the courts, and in fact, Moore was not limited in any way in filing the instant action. Furthermore, Moore failed to articulate how the allegedly inadequate law library or lack of legal assistance at MCACC had hindered his efforts to either pursue this claim or defend himself in his pending state criminal proceedings. Therefore, the Court dismissed Moore's Complaint without prejudice for failure to state a claim at this time.

On or about January 12, 2010, Moore submitted a motion for leave to amend his Complaint. (Docket entry no. 5). Moore seeks to add additional defendants, namely, certain members of the Middlesex County Board of Chosen Freeholders. (Motion at ¶ 2, Docket entry no. 5). Moore also attempts to identify his "actual injury" from the alleged denial of adequate access to the MCACC law library. Specifically, he states, without elaboration, that the grievance process at MCACC did not provide a proper appeal process, which purportedly led to the dismissal of his New Jersey Tort Claim. He also alleges that he was unable "to stand Pro Se in a criminal suit," which led to his filing of a deficient § 1983 Complaint in federal court. (Motion at ¶ 5a-e).

Moore continues to ask for unspecified money damages and injunctive relief requiring defendants to provide adequate legal

3

services.  Because Moore is no longer confined at MCACC, and has been confined at South Woods State Prison since May 2010, his claim for injunctive relief will be denied.  A prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions.  See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

## II.   DISCUSSION

Moore's new allegations of "actual injury" do not suffice to cure the deficiency of his pleading a First and Fourteenth Amendment claim alleging denial of access to the courts.  As this Court explained in its December 3, 2009 Opinion, the right of access to the courts requires that "adequate, effective, and meaningful" access must be provided inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 822 (1977).  Here, Moore states that he was denied access to pursue a state tort claim, which allegedly was dismissed.  Such claim does not rise to the level of a federal constitutional deprivation.  See Bounds, 430 U.S. at 822, 825.  See also Lewis, 518 U.S. at 355 ("Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.")(emphasis in original).

Moore also contends that he was unable to "stand Pro Se in a criminal suit." (Motion at ¶ 5c). In its December 3, 2009 Opinion, this Court recognized that a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000). But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

In this case, the Court finds that Moore has not alleged facts sufficient to support a denial of access to courts claim simply because he states he was not able to stand pro se in a criminal proceeding. Moore does not indicate that he was denied appointed counsel or refused counsel for his criminal proceeding. He baldly claims that he could not proceed as a pro se litigant because of limited access to the MCACC law library. Under Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court held that civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible and allow the court "to

5

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948.  The Supreme Court expressly held that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1949-50.

This Court finds that Moore's proposed amendment is nothing more than a bald recitation of legal conclusions or elements of a cause of action without sufficient factual matter to support a cognizable claim of a federal constitutional deprivation. Accordingly, plaintiff's motion to amend his Complaint will be denied for failure to state a cognizable claim for relief.

### III.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's motion to amend his Complaint will be denied for failure to state a cognizable claim or cure the deficiencies of his original Complaint.  An appropriate order follows.

                                             s/Freda L. Wolfson
                                             FREDA L. WOLFSON
                                             United States District Judge

Dated: 9/24/10